# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ROBBIE A. KNIGHT**
**United States Army, Appellant**

ARMY 20140422

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Lieutenant Colonel Sebastian A. Edwards, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Major M. Patrick Gordon, JA (on brief).

For Appellee:  Major Daniel D. Derner, JA (on brief).

9 April 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of premeditated murder and maiming, in violation of Articles 118 and 124, Uniform Code of Military Justice, 10 U.S.C. §§ 918, 924 [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for life with eligibility for parole, forfeiture of all pay and allowances, and reduction to the grade of E-1.  In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as provides for a dishonorable discharge, confinement for fifty-two years, reduction to the grade of E-1, and credited appellant with 190 days of confinement.[*]

---

[*] Automatic and adjudged forfeitures were deferred until time of Action, and then automatic forfeitures were waived for a period of six months for the benefit of appellant's wife.

KNIGHT—ARMY 20140422

This case is before us for review pursuant to Article 66, UCMJ. Appellant submitted a merits pleading and personally raised several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion and relief.

## BACKGROUND

Appellant's wife had moved in with and was living with her paramour, JP. Appellant went to JP's house, confronted him, and violence ensued. During the altercation, appellant was able to handcuff JP yet continued to viciously and repeatedly beat his defenseless victim with a tactical baton, bludgeoning JP all over to include his head, torso, and testicles. After the severe and bloody beating, because JP was still breathing and there was a chance he could reveal his attacker's identity, appellant shot and killed JP.

For his misconduct, appellant was charged with, pleaded guilty to, and was convicted of both murdering JP "by means of striking him on his head with a baton or similar instrument and by shooting him with a firearm" and maiming JP "by fracturing his skull and bludgeoning his torso and testicles with a baton."

## LAW AND DISCUSSION

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001); *see also United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012).

Here, it is clear the government desired to treat the beating with the baton and the shooting of JP in the head as separate crimes and not as components of "substantially one transaction." While this approach is permissible, the charged language undermines the government's attempt to treat these offenses separately. Simply, the murder specification overlaps the maiming specification and combines two crimes which could have otherwise been argued, in theory, as being completely distinct. We find that the "wording of the two specifications"—one alleging maiming by striking with a baton and another alleging killing by striking with a baton and shooting—is not "sufficiently discrete" as to make separate convictions a reasonable outcome in this case. *United States v. Valdez*, 35 M.J. 555, 565 (A.C.M.R. 1992); *see also Quiroz*, 55 M.J. 334. Accordingly, we will set aside the finding of guilty to maiming and reassess the sentence.

2

**CONCLUSION**

The findings of guilty of Charge IV and its Specification are set aside and that charge and specification are DISMISSED.  The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).  This analysis is made somewhat easier by the fact that appellant's remaining conviction for premeditated murder carries with it a mandatory minimum sentence of life in prison (with parole).  Accordingly, after considering the gravamen of the remaining offense and the other *Winckelmann* factors, we are satisfied that even absent appellant's maiming conviction, the military judge would have adjudged a sentence of at least the severity of that which was originally imposed at appellant's trial.  *See Sales*, 22 M.J. at 308.

Nonetheless, "[t]his court can conduct [a sentence appropriateness] review even in a case where the sentence adjudged was a mandatory minimum of confinement for life in prison."  *United States v. Roukis*, 60 M.J. 925, 931 (Army Ct. Crim. App. 2005); *see also* UCMJ art. 66(c); *United States v. Bauerbach*, 55 M.J. 501 (Army Ct. Crim. App. 2001).  In doing so, we find that based on the entire record and in light of the totality of the circumstances—to include the nature of appellant's misconduct, the pretrial agreement and its attendant quantum, and our dismissal of the maiming offense—appellant's approved sentence to confinement should be reduced from 52 years to 50 years.  Therefore, we AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for 50 years, and reduction to the grade of E-1.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision are ordered restored.  *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge TELLITOCCI concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3